United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| STEVEN CARSON, | Case No.19-cv-01551-JSC |
|---|---|
| Plaintiff, | |
| v. | **ORDER RE: HOMEPORT INSURANCE COMPANY'S MOTION TO INTERVENE** |
| SEASPAN CORPORATION, et al., | Re: Dkt. No. 16 |
| Defendants. | |

Plaintiff Steven Carson filed this action in the Alameda County Superior Court against Defendants CMA CGM (America) LLC, Seaspan Corporation, and Seaspan Ship Management Ltd. alleging negligence and products liability claims. Seaspan Corporation and Seaspan Ship Management Ltd. thereafter removed the action to this Court based on federal diversity jurisdiction.[1] Following removal, Homeport Insurance Company ("Homeport") filed an unopposed motion to intervene under Federal Rule of Civil Procedure 24.[2] (Dkt. No. 16.) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the August 1, 2019 hearing, and GRANTS the motion to intervene.

//

---

[1] Defendant Hapag Lloyd (America) LLC, who was substituted for Defendant CMA CGM (America) LLC, joined in the removal, but the claims against it were later voluntarily dismissed. (Dkt. No. 1 at ¶¶ 1,6; Dkt. No. 10.)

[2] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 6 & 7.) Homeport—not yet a party—has not consented, but the Court may still decide the motion to intervene. *See Robert Ito Farm, Inc. v. Cty. of Maui*, 842 F.3d 681, 687 (9th Cir. 2016).

United States District Court
Northern District of California

## DISCUSSION

Federal Rule of Civil Procedure 24 provides for intervention as of right and by permission. Under Rule 24(a)(2), a court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Under Rule 24(b), a court may permit anyone to intervene who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Homeport moves to intervene as a matter of right, or alternatively, for permissive intervention.

An applicant seeking to intervene in a pending lawsuit "as of right" must demonstrate that: "(1) it has a significant protectable interest relating to the property or transaction that is the subject matter of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (internal citation and quotation marks omitted). An applicant must satisfy all four of these requirements. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). In evaluating these requirements, courts "are guided primarily by practical and equitable considerations." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). "By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1496 n.8 (9th Cir. 1995) (citation omitted).

Here, all four factors favor intervention. This action arises following Plaintiff's injury while he working as a longshoreman loading containers on a vessel owed by Defendants. Homeport insured SSA Terminals, LLC, Plaintiff's employer, and allegedly paid Plaintiff $77,283.44 in workers compensation benefits as a result of his injuries. (Dkt. No. 16-1 at ¶¶ 4-5.)

Homeport seeks reimbursement of these benefits under the Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 901 et seq. Homeport thus has a significant interest in the outcome of this action wherein Plaintiff seeks damages for these same injuries, and as a practical matter, disposition of this action may impair Homeport's interest. *See California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). Homeport's motion is timely as it was made within three months of removal and before there was any substantive motion practice. *See Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995). Further, adding Homeport as a party to this action will not defeat diversity jurisdiction as it is a citizen of Washington with its principal place of business in Seattle, Washington, and all the other parties are citizens of different states. Finally, the other parties to this action do not share Homeport's interest as its claim for reimbursement would lessen Plaintiff's potential recovery in this action. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), as amended (May 13, 2003). Accordingly, Homeport has established a right to intervene as a matter of right under Federal Rule of Civil Procedure 24(a).

## CONCLUSION

Based on the foregoing, Homeport's unopposed motion to intervene as a matter of right is GRANTED. (Dkt. No. 16.) Homeport shall file its complaint in intervention within 21 days of this Order.

**IT IS SO ORDERED.**

Dated: July 19, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge