UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CARSON,<br>　　　　Plaintiff,<br>　v.<br>SEASPAN CORPORATION, et al.,<br>　　　　Defendants. | Case No. 19-cv-01551-JSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT**<br><br>Re: Dkt. No. 25 |

Plaintiff Steven Carson filed this action in the Alameda County Superior Court against Defendants CMA CGM (America) LLC, Seaspan Corporation, and Seaspan Ship Management Ltd. alleging negligence and products liability claims after he was injured loading containers onto a vessel owned by Defendants. Seaspan Corporation and Seaspan Ship Management Ltd. then removed the action to this Court based on federal diversity jurisdiction. (Dkt. No. 1.) The Court thereafter granted Homeport Insurance Company, who paid Plaintiff's workers' compensation benefits following the incident, leave to intervene. (Dkt. No. 20.) Plaintiff's motion to amend the complaint to add Cargotec Oyj, MacGregor Germany GmbH, Cargotec Holding, Inc., and Cargotec Crane & Electrical Services, Inc. as additional defendants in this action is now pending before the Court.[1] (Dkt. No. 25.) None of the current Defendants has filed an opposition to the motion. After carefully considering Plaintiff's brief and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS the unopposed motion to amend.

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 6, 7, 22.)

**DISCUSSION**

Federal Rule of Civil Procedure 15(a)(2) states that a party may amend a pleading before trial "with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires." Though Rule 15(a) is "very liberal ... a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Undue delay cannot alone justify the denial of a motion to amend. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712–13 (9th Cir. 2001). The most important factor is prejudice to the opposing party. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971). A "determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Here, Plaintiff seeks leave to amend the complaint to add Cargotec Oyj, MacGregor Germany GmbH, Cargotec Holding, Inc., and Cargotec Crane & Electrical Services, Inc. because recently produced documents indicate that these entities were involved in the manufacturing of the container stacking cones involved in Plaintiff's accident. (Dkt. No. 25-1 at ¶¶ 4-10.) Plaintiff contends that amendment is necessary so that Plaintiff can fully litigate his claims, and particularly, his product liability claim, and no party will be prejudiced by amendment.

The Court agrees that leave to amend is proper here. First, there is no evidence of material prejudice to Defendants. *See Owens*, 244 F.3d at 712 (finding appellants suffered no prejudice when appellee amended its answer because there was no delay in proceedings or required additional discovery). Fact discovery does not close for over three months, and Defendants have not identified any discovery that has been conducted that has to be redone. While the addition of new defendants may require that the trial date or other deadlines be moved, Defendants have not objected to such a possibility.

Second, there is no evidence of bad faith. *See Owens*, 244 F.3d at 712 (finding no evidence of bad faith because Appellee offered "substantial competent evidence" as to why it delayed in filing a motion to amend). Plaintiff has moved to amend to add parties necessary to his products

2

liability claim.

Third, there is no evidence of undue delay. Plaintiff received documents on July 29 and September 3, 2019 from the Seaspan entities which indicated that a company named Macgregor was the manufacturer of the container stacking cones involved in the accident. (Dkt. No. 25-1 at ¶ 4.) Upon further investigation, Plaintiff discovered that Macgregor appeared to be part of another company called Cargotec which was headquartered in Finland under the name Cargotec Oja. (*Id*. at ¶¶ 5-7.) Cargotec Oja appears to do business in the United States through Cargotec Holding, Inc. a Delaware corporation, and Cargotec Crane & Electrical Services Inc., a Nevada corporation. (*Id*. at ¶ 7.) Additional documents produced on September 3, 2019 indicate that there is a Macgregor entity called MacGregor Germany GmbH. (*Id*. at ¶ 10.) Plaintiff thereafter sought the parties' stipulation to amendment, but they have not agreed, and he moved to amend before the deadline to do so had passed. (*Id*. at ¶ 11.) *See Owens*, 244 F.3d at 712–13 (finding no unreasonable delay because appellee moved to amend as soon as it became aware of an applicable defense).

Finally, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (internal quotations omitted). Here, there is nothing to suggest that amendment of Plaintiff's complaint to add these defendants would be futile.

Accordingly, the balance of factors supports granting Plaintiff leave to amend under Rule 15(a)(2).

**CONCLUSION**

For the reasons stated above, Plaintiff's unopposed motion to amend to add Cargotec Oyj, MacGregor Germany GmbH, Cargotec Holding, Inc., and Cargotec Crane & Electrical Services, Inc. as defendants is GRANTED. (Dkt. No. 25.) Plaintiff shall file the proposed amended complaint within 3 business days.

//

//

3

1 **IT IS SO ORDERED.**

Dated: December 13, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge